UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MASSACHUSETTS LOBSTERMEN'S ASSOCIATION, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No.  1:17-cv-406-JEB |
| v. | ) ) ) | |
| WILBUR J. ROSS, JR., *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

**FEDERAL DEFENDANTS' NOTICE OF EXECUTIVE ORDERS AND
CABINET SECRETARY REVIEW, AND MOTION TO STAY CASE**

Federal Defendants hereby provide notice of two recent Executive Orders:  (1) an order from the President of the United States titled "Review of Designations Under the Antiquities Act" that directs the Secretary of the Interior to review certain designations made under the Antiquities Act, including the Northeast Canyons and Seamounts Marine National Monument, *see* Presidential Executive Order 13792, 82 Fed. Reg. 20,429 (Apr. 26, 2017); and (2) an order from the President of the United States titled "Implementing an America-First Offshore Energy Strategy" that directs the Secretary of Commerce to review all designations and expansions of Marine National Monuments in the past 10 years, which likewise concerns the Northeast Canyons and Seamounts Marine National Monument, *see* Presidential Executive Order 13795, 82 Fed. Reg. 20,815 (Apr. 28, 2017).  In accordance with these directives, the Secretaries of Interior and Commerce will review the Northeast Canyons and Seamounts monument designation, and the existing designation could ultimately be changed in ways that would affect this litigation.  The Secretaries should be afforded the opportunity to fully review the national monument designation and respond to the President's respective directives in a manner that is

consistent with the terms of the Executive Orders.  Deferral of further judicial proceedings is thus warranted.[1]

Accordingly, Federal Defendants respectfully request that the Court stay this case while the government conducts its review of the Northeast Canyons and Seamounts designation and that the stay remain in place until 30 days after the conclusion of review to allow for consideration of any resulting proposals affecting this case, with a joint status report concerning further proceedings due upon expiration of the stay period.  As discussed further below, this stay will promote judicial economy by avoiding unnecessary adjudication and will support the integrity of the administrative process.

Federal Defendants contacted counsel for Plaintiffs and Intervenor-Applicants regarding this motion.  Plaintiffs do not oppose the motion.  Intervenor-Applicants do not oppose a stay after the Court rules on their intervention motion.

## BACKGROUND

On September 15, 2016, former President Barack Obama designated a marine national monument in the Atlantic Ocean off the New England coast.  *See* Northeast Canyons and Seamounts Marine National Monument, Pres. Proc. No. 9496, 81 Fed. Reg. 65,159 (Sept. 15, 2016).  Located approximately 130 miles southeast of Cape Cod, the Northeast Canyons and Seamounts Marine National Monument contains 4,913 square miles of marine ecosystems.  *Id.*

---

[1] Because a stay of this action is warranted, Federal Defendants request that the Court defer ruling on the pending motion for intervention.  By separate motion, Federal Defendants request that if the Court declines to enter a stay, or declines to defer action on the intervention request, that they be provided 7 days from the date of the Court's Order to submit a response to the motion to intervene.  Additionally, if no stay is granted, Federal Defendants request 21 days from the date of the Court's Order to respond to the Complaint.

In addition to the designation of the monument under the Antiquities Act, President Obama also provided that the Secretaries of Commerce and the Interior would share responsibility for the management of the monument. *Id*. Specifically, the Secretaries were charged with preparing a joint management plan for the monument within three years of the date of the proclamation and promulgating any implementing regulations to further address the specific actions needed for the proper care and management of the objects and area designated. *Id*. To date, neither Secretary has promulgated any implementing regulations for the management of the monument.

Lastly, President Obama also prohibited certain activities from being conducted within the area designated for the monument. *Id*. Additionally, he provided that the Secretaries could regulate other activities within the monument. *Id*. These prohibited and regulated activities led to Plaintiffs' lawsuit in this action.

Plaintiffs, organizations for the commercial fishing industry, filed this action on March 7, 2017, seeking declaratory and injunctive relief. *See* Compl., ECF No. 1. Federal Defendants were served with notice of this action on March 23, 2017, and their answer to the complaint is currently due on May 22, 2017. *See* Return of Service, ECF No. 12. In addition, on March 29, 2017, three environmental organizations and an individual moved to intervene as defendants in this action. *See* Mot. to Intervene, ECF No. 7. Plaintiffs opposed that motion, and Federal Defendants' opposition, if any, is currently due May 10, 2017. *See* Pls.' Resp. to Mot. to Intervene, ECF No. 16, and the Court's Min. Order on Apr. 25, 2017.

On April 26, 2017, the President of the United States, Donald J. Trump, signed an Executive Order establishing the policy of the United States that "[d]esignations should be made in accordance with the requirements and original objectives of the [Antiquities] Act and

appropriately balance the protection of landmarks, structures, and objects against the appropriate use of Federal lands and the effects on surrounding lands and communities." *See* Executive Order 13792 § 1.  This Executive Order also states that National Monument designations have a substantial impact on the management of Federal lands, and the use and enjoyment of neighboring lands.  *Id.*

As a result of this impact, the Executive Order directs the Secretary of the Interior to review all Presidential designations or expansions of designations made under the Antiquities Act since January 1, 1996, where the designation covers more than 100,000 acres, where the designation after expansion covers more than 100,000 acres, or where the Secretary determines that the designation or expansion was made without adequate public outreach and coordination. *Id*. § 2(a).  The goal of the Secretary in this review is to determine whether each designation or expansion conforms to the policy set forth in section 1 of the Executive Order.  *Id*.  In making his determination, the Secretary may consult with other executive departments and agencies as well as any affected state, tribal or local officials.  *Id*. § 2(b)-(c).  An interim report on Bears Ears National Monument and other designations selected by the Secretary must be provided within 45 days of the date of the order.  *Id*. § 2(d).  The final report on all relevant designations due within 120 days of the date of the order and is to include recommendations for Presidential action, legislative proposals, or other actions consistent with the law.  *Id*. § 2(e).

On April 28, 2017, the President issued an Executive Order, entitled "Implementing An America-First Offshore Energy Strategy."  *See* Executive Order 13795 § 1.  Under this Executive Order, the Secretary of Commerce, in consultation with the Secretary of Defense, the Secretary of the Interior, and the Secretary of Homeland Security, will conduct a review "of all designations and expansions of Marine National Monuments under the Antiquities Act" made

within the past 10 years.  *Id.* § 4(b).  This review will include an analysis of the affected acreage, the budgetary impacts of management costs, and the opportunity costs associated with potential energy and mineral exploration and production from the Outer Continental Shelf.  *Id.*  A final report from the Commerce Secretary is to be provided within 180 days.  *Id.*

## ARGUMENT

The Executive Orders and monument review mark substantial new developments that warrant staying this litigation.  A stay will further the Court's interests in avoiding unnecessary adjudication, support the integrity of the administrative process, and ensure due respect for the prerogative of the executive branch to evaluate the policy decisions of a prior Administration.

Courts have broad discretion to stay proceedings and to defer judicial review in the interest of justice and efficiency.  *See Am. Petroleum Inst. v. EPA* ("*API*"), 683 F.3d 382 (D.C. Cir. 2012).  Further, agencies generally have authority to reconsider past decisions and to revise, replace, or repeal a decision to the extent permitted by law and supported by a reasoned explanation.  *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009); *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983).  Similarly, the President has the authority to have agencies review past presidential decisions.  The President has directed the Secretary of the Interior and the Secretary of Commerce to review various National Monument designations and expansions, has expressly instructed the Interior Secretary to consider the Antiquities Act's requirement that reservations of land not exceed the smallest area compatible with the proper care and management of the objects to be protected, and has established a specific period in which the review is to be accomplished.  These reviews by the respective Secretaries may culminate in recommendations for Presidential action, legislative changes, or other actions consistent with the law.

In light of these recent developments, a stay is warranted in this case.  The President of the United States has directed two cabinet secretaries to immediately take all steps necessary to review a number of designations, including the Northeast Canyons and Seamounts Marine National Monument and, if appropriate, make recommendations that may substantially affect or alter the designation.  The impending review has the potential to affect issues at the core of this action.  Thus, "[i]t would hardly be sound stewardship of judicial resources to decide this case now." *API*, 683 F.3d at 388.

A stay is also warranted to allow the new Administration a reasonable opportunity to formulate its position on issues that have direct bearing on this litigation, which will be under consideration as part of the respective agencies' nascent review.  A decision from the Court at this time would almost certainly generate additional litigation, thereby compelling further briefing on substantive questions prior to the completion of the just-commenced review.

Staying the present challenges will preserve the status quo, in which the designation is presently pending judicial review.  None of the Plaintiffs challenging this designation oppose the requested stay of proceedings.  While Intervenor-Applicants oppose granting the stay before the Court rules on their intervention motion, they face no immediate harm arising from maintaining the status quo pending the agency's review.  To the contrary, the stay will leave in place the monument designations that Intervenor-Applicants argue ought to stay in place and preserve the current schedule for review of their motion.

WHEREFORE, Federal Defendants request that this Court stay this case and all pending deadlines while the respective agencies conduct their reviews of the designation of the Northeast Canyons and Seamounts Marine National Monument and that the stay remain in place until 30

days after the conclusion of review and any resulting recommendations. At the end of the stay, the parties will submit a joint status report concerning further proceedings in this matter.

Respectfully submitted, this 9th day of May 2017.

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment & Natural Resources Division


s/ *Davené D. Walker*
DAVENÉ D. WALKER
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 353-9213
Facsimile: (202) 305-0506
Email: davene.walker@usdoj.gov

Counsel for Federal Defendants