UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MASSACHUSETTS LOBSTERMEN'S ASSOCIATION, *et al.*, | ) ) ) ) |  |
| Plaintiffs, | ) ) |  |
| v. | ) ) | Civil Action No.  1:17-cv-406-JEB |
| WILBUR J. ROSS, JR., *et al.*, | ) ) ) |  |
| Defendants. | ) ) |  |

## JOINT STATUS REPORT

Federal Defendants and Plaintiffs respectfully submit this joint status report with their separate positions pursuant to the Court's September 11, 2017 Order.

Federal Defendants' Position:

In the parties' September 8, 2017 status report, Federal Defendants previously reported that the Department of Interior has conducted its review of certain National Monument designations made under the Antiquities Act in accordance with Presidential Executive Order 13792.  *See* 82 Fed. Reg. 20429 (May 1, 2017).  Federal Defendants further reported that Interior's recommendations concerning the Northeast Canyons and Seamounts Marine National Monument had transmitted to the President on August 24, 2017, and that those recommendations were under consideration.  At this time, consideration of Interior's recommendation is continuing, and no final decision has been made with respect to this national monument.

Separately, the Department of Commerce has also been finalizing its review of the Northeast Canyons and Seamounts Marine National Monument in accordance with Presidential Executive Order 13795.  *See* 82 Fed. Reg. 20815 (May 3, 2017).  While completion of this report

was originally anticipated by October 25, 2017, the Department of Commerce is involved in ongoing interagency consultation, and its report on its review is expected to be submitted to the President in the next few weeks.

Because Presidential action based on the recommendations could ultimately affect the existing monument designation in ways that would directly impact this litigation, further deferral of judicial proceedings is warranted. A continued stay would preserve the status quo, promote judicial economy by avoiding unnecessary adjudication, support the integrity of the administrative process, and ensure due respect for the prerogative of the executive branch to complete its evaluation of the policy decisions of a prior Administration.

Accordingly, to afford additional time for any Presidential review based on the agency's recommendations, Federal Defendants request that the Court continue the stay in this case for the earlier of 60 days, *i.e.*, through and including January 6, 2018, or 14 days after the President issues a decision on the Northeast Canyons and Seamounts Marine National Monument. Federal Defendants propose filing a joint status report that offers a course for further proceedings at that time.

Counsel for Federal Defendants conferred with counsel for Plaintiffs, who, as set forth below, oppose the requested stay, and Defendant-Intervenor Applicants, who stated that they do not oppose this request for a 60-day stay.

Plaintiffs' Position:

Plaintiffs oppose the request for an additional 60-day extension of the stay. The initial stay, which Plaintiffs did not oppose, was granted to allow the Department of Interior to complete the review process described in Presidential Executive Order 13792. That review was completed more than two months ago. Defendants' first request for an extension, which Plaintiffs

also did not oppose, was intended to allow the President to act on the results of that review. He has not.

There is no further process described in the executive order nor any indication when, if at all, the President might take any action that could affect this litigation. So, at this point, an extension of the stay would be based on nothing more than the speculative possibility that the President may take some action at some uncertain time in the future that may affect the litigation in some unknown way. Just as executive agencies have the discretion to repeal or amend their regulations, the President has the discretion to amend national monument designations. But in neither case should the government be able to block judicial review of its actions by speculating that the agency or the President might someday exercise their discretion in ways that could affect the litigation.

Plaintiffs offered to support an additional 30-day extension of the stay if Defendants would agree that it would be the final one. But that offer was declined. The stay has delayed the litigation by six months so far. Plaintiffs are concerned that further extensions will delay the case, keeping them out of a 5,000 square mile fishery in the interim, without any corresponding benefits to the parties or judicial economy.

Respectfully submitted, this 7th day of November 2017.

PACIFIC LEGAL FOUNDATION

*s/ Johnathan Wood*
*(by DDW with permission)*
Johnathan Wood
3033 Wilson Blvd., Suite 700
Arlington, VA  22201
Tel:  (202) 888-6881
jwood@pacificlegal.com

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division

*s/ Davené D. Walker*
Davené D. Walker
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 7611

Attorney of Record for Plaintiffs          Washington, D.C.  20044-7611
                                                                         Tel:  (202) 353-9213
                                                                         Fax:  (202) 305-0506
                                                                         davene.walker@usdoj.gov

                                                                         Attorney of Record for Federal Defendants