UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| | ) | |
| MASSACHUSETTS LOBSTERMEN'S | ) | |
| ASSOCIATION, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:17-cv-406-JEB |
| | ) | |
| WILBUR J. ROSS, JR., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>JOINT STATUS REPORT</u>

Federal Defendants and Plaintiffs respectfully submit this joint status report with their separate positions pursuant to the Court's November 9, 2017 Order.

<u>Federal Defendants' Position:</u>

Federal Defendants request that the Court continue the existing stay to allow additional time for the agencies to finalize their recommendations on the Northeast Canyons and Seamounts Marine National Monument and for Presidential review of those recommendations.

In the parties' November 7, 2017 status report, Federal Defendants previously reported that the Department of Interior has conducted its review of certain National Monument designations made under the Antiquities Act in accordance with Presidential Executive Order 13792.  *See* 82 Fed. Reg. 20429 (May 1, 2017).  Federal Defendants further reported that Interior transmitted its recommendations concerning the monument to the President on August 24, 2017, and that those recommendations were under consideration.

On December 5, 2017, the Department of the Interior made public its prior report and recommendations on several national monuments.  Secretary Ryan Zinke made the following

recommendation in this report for the Northeast Canyons and Seamounts Marine National Monument:

> The Proclamation should be amended, through the use of appropriate authority, including lawful exercise of your discretion granted by the Act, to ensure compliance with the provisions and intent of the Act while also allowing the regional fishery management council to make fishery-management decisions as authorized by the Magnuson-Stevens Fishery Conservation and Management Act.

The President has not yet acted on this recommendation.

Separately, the Department of Commerce has also been finalizing its review of the Northeast Canyons and Seamounts Marine National Monument in accordance with Presidential Executive Order 13795.  *See* 82 Fed. Reg. 20815 (May 3, 2017).  While completion of this report was originally anticipated by October 25, 2017, the Department of Commerce is working to fully address detailed comments submitted from interagency review and consultation.

Because Presidential action based on the recommendations could ultimately affect the existing monument designation in ways that would directly impact this litigation, further deferral of judicial proceedings is warranted.  A continued stay would preserve the status quo, promote judicial economy by avoiding unnecessary adjudication, support the integrity of the administrative process, and maintain executive branch decision-making processes.

Accordingly, to afford additional time for any Presidential review based on the agency's recommendations, Federal Defendants request that the Court continue the stay for the earlier of 60 days, *i.e.*, through and including March 9, 2018, or 14 days after the President issues a decision on the Northeast Canyons and Seamounts Marine National Monument.  Federal Defendants propose filing a joint status report concerning future proceedings at that time.

Counsel for Federal Defendants conferred with counsel for Plaintiffs, who, as set forth below, oppose the requested stay, and Defendant-Intervenor Applicants, who stated that they do not oppose this request for a 60-day stay.

Plaintiffs' Position:

Plaintiffs oppose the request for an additional 60-day extension of the stay, the third such request. Plaintiffs did not oppose the initial stay to allow the Department of Interior to complete the review process required by Presidential Executive Order 13792. Nor did Plaintiffs oppose the initial request for a 60-day extension to allow the President to act on Interior's recommendations made after that review, which are now public. But the President has not acted in the 160 days since that review was completed.

These rolling delays are causing real harm. The fishermen allege in their complaint that they are shut out of a 5,000 square mile fishery based on an illegally designated national monument. The fishermen have been excluded from this area for more than a year and will remain excluded during any further stay.

Further delay is unwarranted. The process described in the executive order has concluded. And there is no indication when, if at all, the President might take any action that could affect this litigation. Federal Defendants have given no reason to think that this 60 days will be different from the previous 60 days or the 60 days before that. A stay should not be extended indefinitely based on mere speculation that the President may take some action at some uncertain time in the future that may affect the litigation in some unknown way.

Respectfully submitted, this 8th day of January 2018.

PACIFIC LEGAL FOUNDATION                    JEFFREY H. WOOD
                                            Acting Assistant Attorney General
                                            Environment and Natural Resources Division

<table>
<tr><td>

*s/ Johnathan Wood*
*(by DDW with permission)*
Johnathan Wood
3033 Wilson Blvd., Suite 700
Arlington, VA  22201
Tel:  (202) 888-6881
jwood@pacificlegal.com

Attorney of Record for Plaintiffs

</td><td>

*s/ Davené D. Walker*
Davené D. Walker
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC  20044-7611
Tel:  (202) 353-9213
Fax:  (202) 305-0506
davene.walker@usdoj.gov

Attorney of Record for Federal Defendants

</td></tr>
</table>